No. 26,334.

Roy H. Johnson, *Appellee,* v. City of Lawrence et al., *Appellants.*

### SYLLABUS BY THE COURT.

Municipal Corporations—*Regulation of Pool and Billiards—Restricting Number of Parlors.* Under R. S. 14-417, authorizing cities of the second class "to enact ordinances to restrain, prohibit and suppress . . . billiard tables," such a city may by ordinance limit the number of pool and billiard parlors which may be licensed in the city.

Appeal from Douglas district court; Hugh Means, judge. Opinion filed January 9, 1926. Reversed.

*C. A. Smart,* of Lawrence, for the appellants.

*George H. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Plaintiff filed a petition in the district court seeking a declaratory judgment that an ordinance of the city of Lawrence, a city of the second class, which restricts to four the number of pool and billiard parlors which may be licensed in the city, was invalid, contending that such ordinance is discriminatory, illegal and void. The city's demurrer to the petition was overruled, and the city has appealed.

By R. S. 14-415 the city is authorized to levy and collect a license tax upon billiard tables, and the city of Lawrence levies and collects such a tax. By R. S. 14-417 the city is authorized "to enact ordinances to restrain, prohibit and suppress . . . billiard tables . . ." Acting under this statute the city enacted an ordinance which provides:

"That the number of pool and billiard parlors in the city of Lawrence be and they are hereby restricted to four.

"That the city clerk be and he is hereby directed to not issue and have outstanding more than four licenses for billiard and pool parlors in the city of Lawrence at any one time."

Plaintiff contends that the statute applies to billiard tables, and confers no authority upon the city with respect to pool and billiard parlors, but we are unable to see why limiting the number of billiard parlors would not have a tendency, at least, to restrain and suppress the use of billiard tables, and hence to be within the authority con-

---

Municipal Corporations, 28 Cyc. p. 721 n. 97.

ferred by statute. Under the authority of the statute the city could absolutely prohibit billiard parlors, or the public or commercial use of pool or billiard tables within the city, or, since the statute is a grant of authority rather than a mandate, the city could refrain from passing any ordinance on the subject. Any restriction or regulation, intermediate between complete prohibition on the one hand and no regulation on the other, is within the authority conferred upon the city.

The judgment will be reversed, with directions to enter judgment for defendant.