202 P.2d 401

O'CONNOR et al. v. CITY OF MOSCOW.

No. 7458.

Supreme Court of Idaho

Jan. 25, 1949.

Ray E. Durham and Wynne M. Blake; both of Lewiston, for respondents.

Tom Felton, of Moscow, for appellant.

HYATT, Justice.

Respondents are, and since 1938 have been, the owners of certain real estate and a business building thereon, located along Main Street, but south of First Street, in the business section of the City of Moscow, in which they now do, and have for some several years last past, conducted a combined pool hall, card room, and retail beer parlor.

On April 21, 1947 said City adopted an ordinance providing that from and after the effective date thereof, it should be unlawful to open or operate any new or additional place of business located on First

Street, or on any street south of First Street, or outside the business zone in said City, in which any pool, billiard, card, or dice game is played, or in which draft beer by the drink or liquor by the drink is sold, or in which any coin operated amusement device, as defined by H.B. 43, 1947 Legislature, Laws 1947, c. 151, is maintained or operated. Said ordinance further provided:

"Any change of ownership of an existing business of the type herein defined shall be deemed a new or additional business."

The express purpose of the ordinance is to confine such businesses to a limited area in order to make policing thereof easier and to promote the peace, morals, safety, health and general welfare of the people of Moscow.

After the passage of said ordinance, respondents desired and attempted to sell their business, and in connection with a sale, to lease their premises for the conduct therein of the business by a prospective purchaser, but they have been unable to do so, since by reason of said provision above quoted, their optionee, a bona fide prospective purchaser, refused to exercise his option to so purchase and lease.

Respondents then brought this suit for a declaratory judgment to have said provision adjudged void, contending that the same is an arbitrary and unreasonable exercise of the police power of the City and deprives them of their property without due process of law.

Trial was had to the court upon stipulated facts which are substantially as above set forth. Decree was entered declaring said quoted provision void and of no effect, and enjoining the City from applying the provisions of said ordinance to respondents' successors in interest.

This appeal is from the decree and the assignments of error present two questions:

(1) The validity of said provision of the ordinance.

(2) Whether respondents are such real parties in interest that they can maintain this suit.

We will first consider the ordinance as a zoning scheme since under its general plan the continuation of non-conforming uses is permitted.

We are not here concerned with the constitutionality or validity of the ordinance as a whole, nor whether it was duly and regularly passed pursuant to the laws of this state relating to zoning or whether it is "piecemeal" zoning, Anno. 165 A.L.R. 823, or whether under the circumstances it is reasonable to set up a limited zone within a general business district.

Since non-conforming uses are permitted to continue, we are not called upon to decide the right, if any, of the City to suppress entirely and uniformly within a certain area, if it should see fit to attempt to do so, businesses of the type conducted by respondents. So long as appellant permits the operation of such businesses, by licenses

and other regulations, they must for the purposes of this case be treated as any other lawful businesses.

Nor are we here involved with an ordinance directed against nuisances since under the stipulation, the business of respondents is not a nuisance.

■ Zoning ordinances generally look to the future and while preventing the establishment of lawful businesses, yet avoid violations of the due process clauses of the State and Federal Constitutions by permitting existing non-dangerous businesses to remain. Jones v. City of Los Angeles, 211 Cal. 304, 295 P. 14, 19; 58 Am.Jur. 1021, 1022; Thompson on Real Property, Perm. ed., Vol. 10, Sec. 5617, page 713 and Sec. 5619, page 715; Anno. 86 A.L.R. 678; Anno. 117 A.L.R. 1136; and Cal.Jur., 10 Year Sup., Vol. 12, page 160.

Zoning regulations are divided into two classes; first, those which regulate the height and bulk of buildings within certain designated districts, and second, those which prescribe the use to which buildings within certain designated districts may be put. 12 Cal.Jur., 10 Year Sup., page 141. We are here concerned with the second classification.

■ An ordinance which prohibits the continuation of existing lawful businesses within a zoned area is unconstitutional as taking property without due process of law and being an unreasonable exercise of the police power. Jones v. City of Los Angeles, supra. In that case the City by an ordinance provided that it should be unlawful to erect, establish, maintain or conduct any hospital, asylum, sanitarium, home, retreat or other place for the care and treatment of insane persons, persons of unsound mind, or persons affected by or suffering from mental or nervous diseases except within certain permitted areas. Appellants there were owners of four sanitariums within an area, which by the ordinance, were prohibited from further operation. The court upheld the ordinance so far as new businesses were concerned but as to businesses in existence, ruled the ordinance inoperative since it would be taking appellant's property without due process of law. The court said:

"It therefore appears that the instant case involves a situation materially different from that presented in the usual zoning case. The exercise of power in this instance is, on the whole, far more drastic than in those in which a mere right to engage in a particular business is restricted. We are asked to uphold a municipal ordinance which destroys valuable businesses, built up over a period of years. If we do so on the ground that this is a proper exercise of the police power in the enactment of zoning legislation, then it follows that the same thing may be done to apartment houses, flats, or stores.

"The establishment of many lawful and not dangerous businesses in a city would then become an extremely hazardous undertaking. At any time, in pursuance of a reasonable plan for its future development,

the city could prohibit the continuance of the businesses, and make property valueless which was previously constructed and devoted to a useful purpose.

"It may well be that in the course of years one of the outlying permitted districts in the present scheme will become residential in character, and will, by another ordinance, be placed in the prohibited area. If the plaintiffs, at great expense, reestablish themselves in that district, they might be pursued and again eradicated. All this is to be justified under the police power as a proper taking of private property for public use, without compensation. The approval of such a doctrine would be a blow to rights in private property such as this court has never before witnessed. Only a paramount and compelling public necessity could sanction so extraordinary an interference with useful business."

No case has been called to our attention and we are unable to find any on the precise point here involved. We are not unmindful that zoning ordinances contemplate the gradual elimination of non-conforming uses within the zoned area and such elimination may be accomplished as speedily as possible with due regard to the special interests of those concerned; that where suppression is not feasible without working substantial injustice, the accepted method of accomplishing the result has been said to be that the non-conformity, in no case, will be allowed to increase but will be permitted to continue until some change in the premises or in the use thereof is contemplated by the owner, when, insofar as expedient, the authorities take advantage of this fact to compel a lessening or complete suppression of the non-conformity. For a statement of these principles see Thayer v. Board of Appeals of City of Hartford, 114 Conn. 15, 157 A. 273; Austin v. Older, 283 Mich. 667, 278 N.W. 727; Rehfeld v. City and County of San Francisco, 218 Cal. 83, 21 P.2d 419.

■ Property has been well defined in Spann v. Dallas, 111 Tex. 350, 235 S.W. 513, 514, 19 A.L.R. 1387, as follows:

"Property in a thing consists not merely in its ownership and possession, but in the unrestricted right of use, enjoyment and disposal. Anything which destroys any of these elements of property, to that extent destroys the property itself. The substantial value of property lies in its use. If the right of use be denied, the value of the property is annihilated and ownership is rendered a barren right."

See also, State v. Cowen, 231 Iowa 1117, 3 N.W.2d 176, 180; McQuillin on Municipal Corp., revised Vol. 3, Sec. 1045, page 497. A right to conduct a business, together with the incidental right to the good will thereof, is property. Robiceson v. Hotel & Restaurant Employees, Local No. 782 of Boise, 35 Idaho 418, 207 P. 132, 27 A.L.R. 642.

■ The right to use one's property in a lawful manner is within the protection of subdivision (1) of the 14th Amendment

of the Constitution of the United States and Article I, Sec. 13 of the Idaho Constitution providing that no person shall be deprived of life, liberty, or property without due process of law. State v. Kouni, 58 Idaho 493, 76 P.2d 917.

The effect of the provision of the ordinance here complained of is to deprive respondents of their property by preventing the sale of their business and restricting their leasing of the real property for use in connection therewith.

A zoning ordinance deals basically with the use, not ownership, of property. The provision in question declaring a change in ownership to be a new business is an arbitrary and unreasonable exercise of the police power and violates the constitutional protection given by the due process clauses. In this class of cases, we are confronted with balancing, on the one hand, the right of the municipalities, under the police power, to provide for the general welfare of its citizens and to promote progress, against, on the other hand, the rights of the individual citizens in the ownership and use of property.

Since lawful existing uses, although non-conforming, cannot be constitutionally eradicated because by so doing, the due process clauses are violated, it naturally follows in one logical step that the prevention of the sale of an existing business by such an ordinance has the same result, particularly since zoning ordinances are designed to deal with the use to which property may be put. Use, not ownership, is the concern of this type of zoning. There is no reasonable relation between a provision in an ordinance which, as here, makes a change in ownership a new business, and the objects to be accomplished by the ordinance, when existing non-conforming uses of property are necessarily permitted to continue.

Turning for a moment to the practical effects of a decision in this case, it must be kept in mind, not only as a rule of public policy but in determining whether such provision is reasonable, that if we uphold the provision in question then mortgage creditors of a business, in the event of a foreclosure, would have their security left valueless. Further, the rights of heirs, devisees, and legatees would be jeopardized in the event of the death of an owner. By way of further concrete illustration, an existing building may have been constructed for a particular use and a substantial investment could be lost to its owner through his inability to sell, and the inability of a prospective purchaser thereof to carry on the same business therein, even though the business is in no way conducted as a nuisance and is not offensive or dangerous, but entirely lawful.

We are not deciding anything in regard to the authority of the city to require new licenses on a change of ownership or that a new purchaser meet the necessary qualifications of licensees.

44

Treating the ordinance as a pure police measure, designed, as expressed therein, to make easier the policing and health inspections of such businesses, and to prevent loitering and nuisances, we are of the opinion that the provision complained of is not a reasonable exercise of the police power and does not bear any reasonable, real or direct relationship, to the objects and purposes sought to be accomplished. Existing businesses under the same ownership are permitted to remain. Policing and health inspections and the prevention of loitering and nuisances are therefore not actually made easier, since the city authorities must continue to police and inspect businesses in the same area as before.

■ Appellant does not contend that the city may suppress the sale of beer, but contends under the power of regulation it may confine such businesses to a certain locality. Assuming but not deciding that it may do this as a part of its licensing authority, such would have to be done so that businesses are removed uniformly and at one time to reasonably accomplish the purposes and objects of such an ordinance.

■ While a license to operate a beer parlor or a billiard or pool hall does not confer any vested property right, yet if the city makes such businesses lawful by a permit or license, it cannot arbitrarily, capriciously, or unreasonably impair, interfere with, or eradicate the same. For this principle, see Yellow Cab Taxi Service v. Twin Falls, Idaho, 190 P.2d 681.

■ This court in Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, at page 106, 286 P. 353, at page 358, has said that where the power to legislate on a given subject is conferred, and the mode of its exercise is not prescribed, then an ordinance passed in pursuance thereof must be a reasonable exercise of the power, or will be pronounced invalid; that in determining the question of the reasonableness or unreasonableness of such an ordinance, all the existing circumstances or contemporaneous conditions, the object sought to be obtained, and the necessity or lack thereof for its adoption, will be considered by the court; that whether or not an ordinance is reasonable is a question of law for the Court.

■ In view of what has herein before been said, it logically follows that the respondents are real parties in interest and have the right to bring and maintain this suit.

The decree of the trial court is affirmed, with costs to the respondents.

HOLDEN, C. J., GIVENS, J., and TAYLOR, District Judge, concur.

SUTPHEN, District Judge (dissenting).

Under the express provisions of Sec. 49-313, Idaho Code, a city of the second class, such as Moscow, has the power to restrain, prohibit and suppress billiard tables. Thus, as far as respondent's business of operat-

ing billiard tables, which usually is construed to include pool tables, Anno. 20 A. L.R. 1492, the City of Moscow had the right not only to regulate but to also prohibit and suppress that business.

It would appear that "Any restriction or regulation intermediate between complete prohibition on the one hand and no regulation on the other, is within the authority conferred upon the city." Johnson v. City of Lawrence et al., 120 Kan. 65, 241 P. 1083.

It is also to be noted that under the provisions of the statute making provision for the sale of beer, nothing therein shall be so construed as to prohibit or prevent municipalities from licensing and regulating places ·of business where beer is sold to consumers. Sec. 6, Chpt. 192 of the 1947 Session Laws.

The purpose of the ordinance in question appears to have been to ultimately confine all places of business of the character mentioned to that portion of the business section of the City of Moscow north of First Street.

"The courts, in reviewing municipal ordinances, have consistently proceeded on the premise that local municipal authorities are presumed to have, and do have, knowledge of local conditions and have been induced by competent reasons to take the action which they have taken, so that their exercise of discretion with reference . to the needs of the local community should be respected." 37 Am.Jur. 818. And the dis-

cretion of a municipal corporation in the exercise of the police power will not be interfered with by the courts upon light grounds.

The business of operating billiard and pool tables for gain and a beer parlor where draft beer is sold is not recognized as a useful business, although it is a lawful one, and I do not think it can seriously be contended that the City of Moscow does not have the authority to confine such business places to reasonable territorial limits within its borders. 37 Am.Jur. 957; State ex rel. Thornbury v. Gregory, 191 Wash. 70, 70 P.2d 788. Nor do I think the evidence in this case would justify a finding that it is unreasonable to confine the business here in question to that position of the business section of Moscow north of First Street.

If, under the circumstances, the City can compel respondent to remove his business from its present location to the territory mentioned, as I believe it can, the respondent should not complain, as the City Council of Moscow appears to have been very considerate of his interest.

The City Council of Moscow, in passing the ordinance in question, obviously intended and had in mind relief for those actually engaged in the type of business sought to be prohibited in the territory south of Main Street. It apparently recognized that they had investments made in their present location that could not be suddenly changed to a new location without serious loss. But the fact that the council did try to alleviate

the loss in this respect by not requiring these businesses to move until there was a change in ownership does not present facts which justify complaint on their part.

The ordinance properly had in mind the eventual elimination of the business here in question within the excluded territory, and it does not appear to me that the determination of the date of such elimination on the basis of ownership is any more unreasonable or arbitrary than a fixed date of so many days, weeks or months' hence. _

At best respondent's right to sell draft beer and to operate a pool hall was but a mere temporary permit, and the authority which granted it retains the power to revoke it. Roberts v. Boise City, 23 Idaho 716, 717, 132 P. 306, 45 L.R.A.,N.S., 593.

I am of the opinion that the case should be reversed.