Lamneck, J.
There is no claim of nuisance in this case. The sole issue is whether the city may terminate the lawful nonconforming use, which was in existence at the time of the passage of the zoning ordinance, after the use has been permitted to continue for an extended period.
The zoning ordinance passed in 1922 contains the following provision:
“A building, existing at the time of the passage of this ordinance, which does not conform to the regulations of the use district in which it is located may remain for a reasonable period and the existing use of such building may be continued or extended to any portion of such building which portion was arranged or designed for such use at the time of the passage of this ordinance, but a nonconforming use shall not be otherwise extended. A nonconforming use shall be discontinued and removed when, in the opinion of the council, such use has been permitted to exist or continue for a reasonable time.” (Emphasis ours.)
The defendant contends:
1. The council of a municipality is prohibited by the Fourteenth Amendment to the United States Constitution and by Section 2, Article I of the Constitution of this state, from enacting a zoning ordinance which outlaws an existing lawful business, unless compensation is paid therefor.
*385 2. If a council has that power, the enactment of the ordinance passed in January 1950, directed to him individually, is discriminatory and in violation of the same constitutional provisions.
Section 1, Article XIV, Amendments, United States Constitution, and Section 16, Article 1, Ohio Constitution, both provide that no person shall be deprived of life, liberty or property without due process of law.
Section 2, Article I of the Ohio Constitution, provides that government is instituted for the equal protection and benefit of all citizens.
It has been uniformly held that the enactment of a comprehensive zoning ordinance, which has a substantial relationship to the public health, safety, morals and the general welfare and which is not unreasonable or arbitrary, is a proper exercise of the police power. See Fritz v. Messer, 112 Ohio St., 628, 149 N. E., 30, and State, ex rel. City Ice & Fuel Co., v. Stegner, Dir., 120 Ohio St., 418, 166 N. E., 226, 64 A. L. R., 916.
Comprehensive zoning ordinances generally contain regulations which are divided into two classes: First, those which regulate the size and type of construction of buildings within specified areas, and, second, those which prescribe the use to which buildings within certain specified districts may be put.
Most comprehensive zoning ordinances apply to prospective use only, and contain no provisions making them retroactive to cover an existing structure or to terminate an existing use.
This court has consistently approved the constitutionality of comprehensive zoning ordinances containing provisions regulating prospective use.
In the Stegner case, supra, it was held:
“The provision of a zoning ordinance, limiting the subsequent addition, extension or substitution of business buildings or the use thereof, existing in a residence district at the time of the enactment of such ordi *386 nance, where it does not appear that such restrictions have no real or substantial relation to the public health, safety, morals or general welfare, is a valid exercise of the police power and is not violative of either the state or federal Constitution.”
In State, ex rel. Fairmount Center Co., v. Arnold, Dir., 138 Ohio St., 259, 34 N. E. (2d), 777, 136 A. L. R., 840, this court held:
“A municipal council may not, by the enactment of an emergency ordinance, give retroactive effect to a pending zoning ordinance thus depriving a property owner of his right to a building permit in accordance with a zoning ordinance in effect at the time of the application for such permit.”
In the instant case, the 1950 ordinance does not order the defendant to raze the buildings now existing on his premises. We know of no zoning ordinance in this state intended to accomplish such a result unless the existing structures are a nuisance affecting the public health, safety, morals or general welfare or unless the city exercises its power of eminent domain. In State, ex rel. Bruestle, City Solr., v. Rich, Mayor, 159 Ohio St., 13, 110 N. E. (2d), 778, this court held that property may be taken for “the public welfare” or “for public use” to eliminate slum conditions and other conditions of blight, under the power of eminent domain, but in such cases the owners are entitled to adequate compensation. Zoning ordinances contemplate the gradual elimination of nonconforming uses within a zoned area, and, where an ordinance accomplishes such a result without depriving a property owner of a vested property right, it is generally held to be constitutional.
Thus the denial of the right to resume a nonconforming use after a period of nonuse has been upheld, as well as the denial of the right to extend or enlarge an existing nonconforming use. The denial of the right *387 to substitute new buildings for those devoted to an existing nonconforming use and to add or extend such buildings has also been upheld. See 58 American Jurisprudence, 1026 and 1029, Sections 156, 158 and 162, and the Stegner case, s%ipra.
But in the instant case no such situation exists. We are asked by the plaintiff herein to uphold the provision of a municipal ordinance, which in effect denies the owner of property the right to continue to conduct a lawful business thereon, which use was in existence at the time of the passage of the ordinance and has continued without expansion or interruption ever since. If we do this on the ground that the provision is a proper exercise of the police power, then the right to continue to conduct other lawful businesses, similarly established and conducted on zoned property, may likewise be denied by legislative fiat under the guise of a proper exercise of the police power.
In Turnpike Co. v. Parks, 50 Ohio St., 568, 579, 35 N. E., 304, 28 L. R. A., 769, it is stated:
“* * * it is very obvious that everything which takes the form of an enactment is not therefore to be deemed the law of the land, or due course or process of law. If this were so, then decrees and forfeitures in all possible forms,* and acts confiscating the property of one person or class of persons, or a particular description of property, upon some view of public policy, where it could not be said to be taken for a public use, would be the law of the land.”
In the case of J ones v. City of Los Angeles, 211 Cal., 304, 295 P., 14, an ordinance which prohibited the continuation of an existing lawful business within a zoned area was declared to be unconstitutional as being the taking of property without due process of law and being an unreasonable exercise of the police power. In that case, the city by ordinance provided that it should be unlawful to continue the operation of institutions in *388 a certain, area for the care and treatment of mentally ill persons. The court, however, upheld the ordinance as to new businesses in the zoned area.
We have examined the cases, cited in the plaintiff’s brief, in support of its contention that the exercise of the power to terminate a lawful nonconforming use in existence at the time of the passage of a comprehensive zoning ordinance, where such use has continued for an extended period thereafter, is a proper exercise of the police power. Although some of these citations support the plaintiff’s position, we are of the opinion that they are in conflict with the great weight of authority on the subject and not consistent with past pronouncements of this court. See 58 American Jurisprudence, 1021, Section 146 et seq.; State, ex rel., v. Stegner, supra; and State, ex rel., v. Arnold, supra.
What is property? It has been defined as not merely the ownership and possession of lands or chattels but the unrestricted right of their use, enjoyment and disposal. Anything which destroys any of these elements of property, to that extent destroys the property itself. The substantial value of property lies in its use. If the right of use is denied, the value of the property is annihilated and ownership is rendered a barren right. See Spann v. City of Dallas, 111 Tex., 350, 235 S. W., 513, and O’Connor v. City of Moscow, 69 Idaho, 37, 202 P. (2d), 401, 9 A. L. R. (2d), 1031.
The right to continue to use one’s property in a lawful business and in a manner which does not constitute a nuisance and which was lawful at the time it was acquired is within the protection of Section 1, Article XIV, Amendments, Constitution of the United States, and Section 16, Article I of the Ohio Constitution, which provide that no person shall be deprived of life, liberty or property without due process of law.
The effect of the provisions of the 1922 ordinance and the 1950 ordinance, complained of in this case, is *389 to deprive the defendant of a continued lawful use of his property and is in violation of the due process clauses of the state and federal Constitutions.
The judgment of the Court of Appeals must, therefore, be reversed, and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Middleton, Taft, Hart, Zimmerman and Stewart, JJ., concur.