**Thomas Anders, Plaintiff-Appellant, v. Town of Danville, Defendant-Appellee.**

**Gen. No. 10,492.**

Third District.

January 9, 1964.

Allen & Allen, of Danville (Lawrence T. Allen, Jr., of counsel), for appellant.

Wendell W. Wright, of Danville, for appellee.

ROETH, JUSTICE.

Plaintiff filed a petition for a writ of mandamus seeking to compel the Town of Danville to issue a license to him to operate a junkyard. The Circuit Court entered an order denying the writ from which order plaintiff appeals. No question has been raised below or here as to the propriety of the action. The sole question presented is whether the authorities involved have the right to deny plaintiff's application for license.

The evidence presented in the lower court was scant and consisted of plaintiff's brief testimony and a stipulation setting out the reasons plaintiff was denied the license by the authorities.

The electors of the Town of Danville at the annual meeting in 1953 passed a resolution dealing with the licensing of junkyards. This resolution was passed pursuant to section 39 and section 39.12 of Chapter 139, Smith-Hurd Illinois Revised Statutes. The Act provides as follows:

> "39 . . . The electors present at the annual town meeting shall have the powers enumerated in Section 3.01 to 3.23 inclusive, of this Article. . . ."

> "Sec. 39.12. Junk dealers—Licensing and Regulation.) Sec. 3.12. Authorize the licensing and regulation and direct the location of all places of business of purchasers, traders and dealers in

junk, rags and any second hand article, including motor vehicles, . . ."

The resolution of the electors reads as follows:

"BE IT RESOLVED, that the Supervisor of Danville Township, by and with the consent of said Danville Township, Vermilion County, Illinois, be and is hereby authorized to license, regulate and direct the location of all places of business of purchasers, traders and dealers in junk, rags and any second hand articles, including motor vehicles, in the said Town of Danville, Vermilion County, Illinois, all as provided under the terms and provisions of Chapter 139, Article IV, Section 39.12, Paragraph 3.12, Illinois Revised Statutes 1951, State Bar Association edition."

Following the annual Town Meeting the Board of Town Auditors of Danville passed a resolution purporting to regulate the operation of junkyards. The resolution, after a recitation of the reasons for the same, prohibited the establishment and maintenance of a junkyard unless the operator complied with certain regulations. The regulations provided for minimum standards relating to physical structure of the property, prohibition against burning of junk in such a manner as to create a nuisance, the manner in which junk on the premises shall be stored, prohibition against the keeping of gasoline in automobiles unless such automobiles can in fact be driven, prohibited the location of any junkyard within 200 feet of any church or school and required that weeds, etc., be kept mowed at all times. The resolution then went on to provide that any person operating such junkyard shall first obtain a license, provided for license fee and the filing of an application, setting forth certain matters to be contained within the application. It provided for the revocation of all licenses for any wilful failure to

106

observe any of the provisions of the resolution and further provided for a fine not exceeding $50 for any violation of the provisions of the resolution.

Plaintiff purchased the property in question to use as a junkyard and filed his application submitting a plat showing the structure he proposed to build. From the record it is apparent that he has met or proposes to meet all of the requirements set forth in the resolution of the Town Board. Inasmuch as plaintiff does not presently maintain a junkyard on the premises sought to be licensed and used, certain paragraphs of the resolution are not involved. It is also apparent that the premises are not within 200 feet of any church or school.

Plaintiff contends that the supervisor and Town Board, after the electors had passed the resolution, or as he refers to it, "the regulatory ordinance," had a purely administrative duty; to issue the license. He contends they had no independent authority to deny a license. While his contention is somewhat vague in that from it it may be inferred that he recognizes the power of the Town Board to pass the resolution in question, the argument does in fact attack this power of the Town Board. Under the resolution of the electors the Supervisor and Town Board were directed to license junkyards and it appears that an attempt was made to delegate the power to regulate and license to the Town Board. The resolution of the electors failed to set any standards and failed in every respect to prescribe the duties of town officers in the handling of license applications. In Bloomington Tp. v. Grinter, 2 Ill App2d 528, 119 NE2d 818, we stated:

"It is to be observed that the Ordinance with which we are concerned in this case contains no rule or standard by which those who pass upon an application for a license may be guided in reaching a decision as to whether such application

107

should be granted or denied. The generally accepted rule is that an Ordinance vesting such arbitrary discretion with reference to the licensing of an ordinarily lawful business in public officials, and which in effect authorizes the issuing or withholding of a license as such officials may arbitrarily choose, is void as being unreasonable. 38 Am Jur Municipal Corporations, Sec 337."

Applying the principle stated in the Grinter case to the facts in the case at bar it is clear that the resolution did no more than grant power to the Supervisor to perform the physical act of issuing a license unless the electors had the power to delegate this authority or the authority of the Supervisors and Town Board can be inferred from the controlling statute.

■ ■ It should be first noted that the business of operating a junkyard is not one which may be prohibited in itself, Bloomington Township v. Grinter, supra.

The electors of a town at a Town Meeting represent the corporate authorities and have power to take all necessary measures and give directions for the exercise of the town's corporate powers. 34 ILP 383, Township Section 8; Chap 139, Section 39.02, Ill Rev Stats, Township Organization Act. The Township Organization Act expressly enumerates the powers of the electors at the Town Meeting and also sets out the power of the Supervisor and Town Board. Each of the officers is limited to the power expressly conferred by the legislature. Marshall, et al. v. Silliman, et al., 61 Ill 218; Shaeffer, et al. v. Bonham, et al., 95 Ill 368. There the Supreme Court said:

"The supervisor and town clerk . . . do not represent a township as a board of trustees represent

an incorporated town, or the common council a city."

In Gregg v. Town of Bourbonnais, 327 Ill App 253, 64 NE2d 106, the court said:

"The supervisor and town clerk are not the corporate authorities of a township. . . . Under our system of township organization there is no officer or board properly representing the corporate authorities of the town, but the electors represent the corporate authorities when assembled in town meeting."

In 34 ILP 392, Township, Section 25, that authority states:

"Township officers and boards have only those powers which are conferred on them by statute, either expressly or by necessary implication, . . ."

Where the statute prescribes how the power granted to the electors is to be exercised, the court cannot imply a power expressly negated by the legislature in the same act. By this act the electors were empowered to authorize the licensing and regulation of junkyards. From this power it must be necessarily inferred that they can set up a scheme of things whereby some town officer is delegated to issue licenses and collect the fees, to enforce the law, and exercise some discretion with relation to regulating the conduct of such business. That the electors could not themselves perform the physical act of licensing or perform other acts relating to the enforcement of any resolution is manifestly clear. An examination of the powers granted to the electors, sections 39.1 to 39.23 of the Township Organization Act, establishes that the legislature intended that the power to perform various acts be delegated for it is manifest that the

electors could not of themselves carry out the powers granted. However, the right to delegate this authority is not complete and where the legislature has required the electors to do certain things, that which they can do without delegating they must do. Section 39.16 of the Act provides that electors shall:

"Make all such bylaws, rules and regulations as may be deemed necessary to carry into effect the powers herein granted and to impose such fines as shall be deemed proper, . . ."

In the case at bar it would appear the electors attempted to delegate their entire power to the Supervisor with the consent of the Town Board and the Town Board in turn expressed this consent in writing by the resolution.

From the above it is clear that we cannot infer authority to the Supervisor to refuse a license under the resolution of the electors. The same fails in all respects to set the necessary standards and under the same the Supervisor was powerless to refuse a license. It is also clear from the foregoing that the Town Board was without authority to control the licensing of junkyards by its resolutions. From the statute it is abundantly clear that the Board lacked the power to "direct the location" of junkyards and to "impose such fines" as are deemed proper. Such powers are given only to the electors who cannot delegate this authority. The resolution of the electors as interpreted by the Town of Danville purported to delegate this power to the Supervisor and Town Board.

Defendant protests that this point was not presented in the trial court and cannot now be raised on appeal, citing two cases, neither of which are controlling. The record fails to disclose what points were raised in the lower court, for neither the argument presented in the lower court, the briefs submitted to the judge, nor

110

the basis for the decision of the trial court have been abstracted. The matter has been raised by plaintiff in the proceedings at bar. We therefore find that the resolution of the Town Board is an invalid exercise of the powers granted by the legislature to the electors and that the resolution of the Town Board is void insofar as the same prohibits the issuance of a license because of the location of the property involved; that under the resolution of the electors the Supervisor had the duty to issue a license on the application of the plaintiff.

Our holding therefore makes it unnecessary to pass upon the question of whether plaintiff substantially complied with the provisions of the resolution in making his application for license. The Supervisor had no discretionary power and accordingly the judgment of the Circuit Court of Vermilion County is reversed and the cause is remanded with directions to the Circuit Court to issue a Writ of Mandamus as prayed for in the complaint filed herein.

Reversed with directions.

CARROLL, P. J. and REYNOLDS, J., concur.