GARRISON, Judge.
This is an appeal from a judgment of the district court dated December 3,1987 denying plaintiffs application for a writ of mandamus and alternatively for an injunction. From that judgment, plaintiff appeals.
On March 23, 1987 plaintiff George Williamson filed an application for a renovation permit for the premises at 5538 Magazine Street with the Department of Safety and Permits. Williamson wished to do renovations on a restaurant and bar that he operated at that address.
On March 31st, the Department of Safety and Permits informed Williamson that the permit was denied as per Ordinance No. 11461 M.C.S. Williamson appealed to the Board of Zoning Adjustment. The BZA transferred the appeal to the City Council on a question of jurisdiction. The City Council denied the appeal. In response thereto, Williamson filed a petition[1] for *1340 writ of Mandamus ordering the Council to issue the permit or alternatively a declaratory judgment declaring that the Ordinance is not applicable to Williamson’s case and enjoining the Council from refusing to issue a permit and seeking damages in the amount of fifty thousand dollars.
The case was tried on the pleadings, exhibits and on stipulations. The trial court denied plaintiffs petition, thus upholding the ruling of the Council.
The ordinance at issue provides:
“Section 1. THE COUNCIL OF THE CITY OF NEW ORLEANS HEREBY
ORDAINS That no person shall be entitled to any permit relative to the establishment of bars, cocktail lounges, package liquor stores, grocery stores, or restaurants and that no person shall be entitled to the issuance or renewal of any municipal alcoholic beverage permit if such person does not hold a current valid alcoholic beverage permit and is also engaged in the commercial sale of alcoholic beverages at the permitted premises on the effective date of this ordinance. The provisions of this Section shall apply only to persons seeking the issuance or renewal of permits for premises located on lots abutting Magazine Street between Napoleon Avenue and Audubon Park.
SECTION 2. That the provisions of Section 1 shall remain in effect until June 30, 1987 or until the implementation of land use measures arising from the City Planning Commission’s updated study of the Magazine Street corridor requested by Resolution R-86-313, whichever is sooner.”
It is undisputed that the legal entity “Sidney’s” was not in operation on the effective date of the ordinance. The building at which “Sidney’s” is presently located had been the location of a family restaurant and bar named the “Friendly House Bar and Restaurant.” Additionally, the trial court made a finding of fact that Sidney’s was not in operation on the date the ordinance was effective based on an inspection certificate contained in the Board’s file indicating that on March 27, 1987 the location had been vacant “for some time.”
On appeal, the standard to be applied is whether the Council acted arbitrarily and capriciously in denying the permit. The trial court found that the Council did not so act and so does this Court.
The Council correctly found that the ordinance language “any permit” includes renovation permits.
Williamson argued that because the “Friendly House” occupied the same site for over 30 years as a bar and restaurant, Sidney’s should be allowed to continue to do so. This argument is violative of the plain and simple language of the ordinance. “Sidney’s” and “The Friendly House” are two separate and distinct legal entities, owned by different people and operating under different alcohol permits and occupational licenses, and bearing different federal tax identification numbers on different tax returns. By use of the word “establishment” the ordinance specifically provides for the “retirement” of uses as bars, cocktail lounges, package liquor stores, grocery stores, or restaurants as present establishments close due to natural business attrition.
On appeal, Williamson argues that the trial court failed to address the constitutional issue raised by the plaintiff. Initially it should be noted that counsel for plaintiff raised the issue in a procedurally improper manner by merely mentioning it in a memo instead of amending his petition to include it. Nonetheless this court will review it as if it had been properly raised.
Plaintiff relies on the Idaho Supreme Court case of O’Connor v. City of Moscow, 69 Ida. 37, 202 P.2d 401 (1949) for the proposition that:
“where this issue has arisen, courts have universally held that a change in ownership of a non-conforming use is not a constitutionally sufficient basis for treating a purchaser of a non-conforming use differently from the seller of the non *1341 conforming use.” (Plaintiffs Brief, p. 15)
This is not the holding of O’Connor. In O’Connor, the property owners brought suit for a declaratory judgment arguing that the ordinance at issue prevented them from selling their already established business and thus constituted an unconstitutional depravation of property or taking of property without due process of law. The ordinance in O’Connor thus acted as an ex poste facto law impairing property rights which were already vested prior to the passage of the ordinance.
In the instant case, the passage of the ordinance predates Williamson’s attempt to establish “Sidney’s.” With due diligence Williamson could have discovered the existence of the ordinance and chosen to either abide by it or not purchase the property. He failed to exercise due diligence on his own behalf. If the sellers had knowledge of the ordinance and failed to disclose it, then Williamson may have an action against the sellers.
Thus the Council did not act arbitrarily or capriciously in the instant case and the trial court did not err in finding no constitutional violations.
For the reasons discussed, the judgment below is affirmed.
AFFIRMED.
CIACCIO, J., dissents.

. Procedurally, Williamson's remedy after denial by the Council was an appeal of that decision to the Civil District Court. Although his petition is captioned otherwise and his prayer contains some extraneous matter, the substance of the pleading is that of an appeal. The trial court *1340 treated this case as an appeal from the Council and so shall this court.