559 A.2d 90

**Thomas W. MORELLI, Appellant,**

**v.**

**FIRE CODE BOARD OF APPEALS OF EAST WHITELAND TOWNSHIP and East Whiteland Township and Gary R. Long, Fire Marshal of East Whiteland Township, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1989.

Decided May 18, 1989.

Steven M. Romano, Malvern, for appellant.

David E. Bortner, West Chester, for Fire Code Bd.

Ronald C. Nagle, West Chester, for East Whiteland Tp., et al.

Before DOYLE, SMITH, (P.), JJ. and KALISH, Senior Judge.

KALISH, Senior Judge.

Thomas Morelli (appellant) appeals from an order of the Court of Common Pleas of Chester County, which affirmed the decision of the Fire Code Board of Appeals (Board), requiring appellant to install a sprinkler system. We affirm.

Appellant is the owner of a shopping center which consists of two buildings. The basement of the building in question contains storage rooms, a watch shop, offices, a recording studio, and an area which is available as rental for offices and retail shops.

On May 21, 1986, appellant was notified by the fire marshal that pursuant to the Fire Safety Code of East Whiteland Township (Code), adopted in 1984, he would have to install a sprinkler system in the building. On appeal to the Board, he was ordered to install a sprinkler system in the basement only. Without taking further testimony, the trial court affirmed. Appellant now appeals to this court.

Appellant contends that since the building was built sixteen years before the enactment of the Code regulations, they cannot be applied retroactively to his property. In the alternative, if it is determined that the regulations may be applied retroactively, it was not done properly, in that the Board's findings are not based on substantial evidence. Appellant argues that the basement does not qualify as "mercantile occupancy," subjecting it to the fire sprinkler provision of the Code.

The trial court's scope of review is governed by section 754(b) of the Local Agency Law, 2 Pa.C.S. § 754(b), which

provides that the trial court shall affirm the adjudication of the agency, unless it shall find that the adjudication violates the constitutional rights of the appellant, or is not in accordance with the law, violates the procedure of the agency, or any finding of fact necessary to support the adjudication is not supported by substantial evidence.

Where the trial court takes no additional evidence, our scope of review is the same as that of the trial court and is likewise directed to the findings and conclusions of the agency. *Kujawa v. City of Williamsport,* 67 Pa.Commonwealth Ct. 38, 445 A.2d 1348 (1982).

In *McSwain v. Commonwealth,* 103 Pa.Commonwealth Ct. 326, 329, 520 A.2d 527, 529 (1987), this court said:

> In exercising its police power, the state and its political subdivisions may not only suppress what is offensive, disorderly and unsanitary, but may enact regulations to promote the public health, morals or safety and general well being of the community.... It is only where the exercise of the police power is so palpably unreasonable ... that it is subject to judicial rejection ... the police power may be constitutionally exercised even where it impairs certain property rights or requires that new costs or burdens be associated with the property.

In *Queenside Hills Realty Co. v. Saxl,* 328 U.S. 80, 66 S.Ct. 850, 90 L.Ed. 1096 (1946), where a fire code was amended to require non-fireproof lodging houses to install a sprinkler system, it was contended that since prior regulations were adequate to insure the safety of the occupants of this lodging house, the amended code was violative of due process and unreasonable in its application. In spite of the fact that the owner showed that it had a fire alarm system, a watchman, and other safety arrangements, and that the fair market value of the building was $25,000 with a cost of $7,500 to comply, the court said:

> Protection of the safety of persons is one of the traditional uses of the police power of the States. Experts may differ as to the most appropriate way of dealing with fire hazards in lodging houses.... The legislature may

choose not to take the chance that human life will be lost in lodging house fires and adopt the most conservative course which science and engineering offer. It is for the legislature to decide what regulations are needed to reduce fire hazards to the minimum.... But in no case does the owner of property acquire immunity against exercise of the police power because he constructed it in full compliance with the existing laws.

*Id.* at 82–83, 66 S.Ct. at 851–52.

The appellant has a right to operate his building, but is required to do so with a reasonable degree of safety. While the appellant may differ with the Board as to the best safeguard to be used, it is the Board which has the expertise, and we will not interfere with the Board's determination unless found to be arbitrary and capricious, or unsupportable on any rational basis, because there is no evidence upon which the action may be logically based. *Haycock Township v. Department of Environmental Resources*, 108 Pa.Commonwealth Ct. 466, 530 A.2d 514 (1987); *Lynch v. Urban Redevelopment Authority of Pittsburgh*, 91 Pa. Commonwealth Ct. 260, 496 A.2d 1331 (1985). Were we to substitute our judgment, we would be usurping the agency's role. *Diehl v. Department of Public Welfare*, 88 Pa.Commonwealth Ct. 404, 489 A.2d 988 (1985). An agency must support its decision by such findings. *Sherred v. Pittsburgh*, 7 Pa.Commonwealth Ct. 401, 299 A.2d 381 (1973).

The Board found that the basement houses storage rooms, a shop, offices and a studio, and constituted a "mercantile occupancy" as defined by section 4–1.7 of the Code which includes stores, markets, and other rooms, buildings or structures for the display and sale of merchandise, including office, storage, and service facilities incidental to the sale of merchandise located in the same building. Since under section 25–3.5.1 of the Code a mercantile occupancy shall be protected by an automatic sprinkler system, we fail to see any capriciousness or arbitrary action in

requiring a sprinkler system. There is no unreasonable restriction on appellant's right to use his property.

Accordingly, we affirm.

## ORDER

NOW, May 18, 1989, the order of the Court of Common Pleas of Chester County, No. 86–06914, is affirmed.