853 P.2d 571

**Dennis HECK and Christine Heck, husband and wife, Plaintiffs–Appellants,**

v.

**COMMISSIONERS OF CANYON COUNTY, Canyon County, Idaho, Defendants–Respondents.**

No. 20217.

Supreme Court of Idaho, Boise, January 1993 Term.

April 30, 1993.

Eismann Law Offices, Nampa, ID, for plaintiffs-appellants. Richard B. Eismann, argued.

Civil Deputy Canyon County Pros. Atty., Caldwell, for defendants-respondents. Charles L. Saari, argued.

JOHNSON, Justice.

This case concerns the authority of a county to regulate the sale of fireworks. We conclude that the Idaho State Fireworks Law, I.C. §§ 39–2605 through 39–2630, (the fireworks law) preempts the authority of counties to regulate the retail sale of "safe and sane" fireworks. We also conclude that there is a genuine issue

of material fact concerning the reasonableness of requirements for a permit to wholesale fireworks.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Dennis and Christine Heck (the Hecks) sold fireworks for nearly twenty years at a location adjacent to an interstate highway in an unincorporated portion of Canyon County. In 1980, Canyon County (the county) issued a building permit for the construction of a building at this site. The Hecks sold fireworks in this building until 1990. From 1982 through 1989, the Hecks obtained permits from the county for both retail and wholesale distribution of fireworks.

On May 3, 1990, the Hecks paid the county for a wholesale fireworks permit, but did not receive the permit. On May 10, 1990, the county's board of commissioners (the commissioners) adopted an ordinance (the fireworks ordinance), prohibiting the retail sale of safe and sane fireworks in the unincorporated areas of Canyon County and establishing a permit procedure for the storage and wholesale of fireworks. This permit procedure refers to the regulatory provisions of the county's building code ordinance adopted in 1988 (the building code ordinance). The fireworks ordinance became effective on May 14, 1990.

On May 14, 1990, the Hecks filed an application with the county for permits allowing them to wholesale fireworks. Following an inspection of the premises where the Hecks operated their fireworks business, the county's building inspector recommended that the county deny the Hecks' application.

The Hecks filed a declaratory judgment action challenging the validity of the fireworks ordinance on the grounds that the fireworks ordinance is in conflict with the fireworks law and that the county unlawfully applied the building code ordinance retroactively to an already existing building that was constructed in accordance with a building permit issued by the county.

The trial court granted summary judgment in favor of the commissioners, ruling that the fireworks ordinance is not in conflict with the fireworks law and that the fireworks law does not preempt the regulation of fireworks by counties. The trial court also stated that it would not rule on the merits of retroactive application of the building code ordinance, because the issue was not properly framed in the pleadings, and because the Hecks alleged denial of due process "without applying authority."

The Hecks appealed. This Court assigned the case to the Court of Appeals, which issued an opinion affirming the summary judgment. This Court then granted the Hecks' request for review of the Court of Appeals' decision.

## II.

### THE FIREWORKS LAW PREEMPTS LOCAL REGULATION OF THE RETAIL SALE OF SAFE AND SANE FIREWORKS.

The Hecks assert that the fireworks law preempts local regulation of the retail sale of safe and sane fireworks. We agree.

This Court adheres to the doctrine of implied preemption. In *Caesar v. State,* 101 Idaho 158, 610 P.2d 517 (1980), the Court said:

> Where it can be inferred from a state statute that the state has intended to fully occupy or preempt a particular area, to the exclusion of [local governmental entities], a [local] ordinance in that area will be held to be in conflict with the state law, even if the state law does not so specifically state.

*Id.* at 161, 610 P.2d at 520.

In *Envirosafe Serv. of Idaho v. County of Owyhee,* 112 Idaho 687, 735 P.2d 998 (1987), the Court reiterated the *Caesar* standard and stated:

> The doctrine of implied preemption typically applies in instances where, despite the lack of specific language preempting regulation by local govern-

mental entities, the state has acted in the area in such a pervasive manner that it must be assumed that it intended to occupy the entire field of regulation.

*Id.* at 689, 735 P.2d at 1000.

Although I.C. §§ 39–2616 and 39–2602 of the fireworks law authorizes a village, city, or county to issue permits for the public display of fireworks, or use, or discharge of agricultural or wildlife fireworks, when it comes to the retail sale of safe and sane fireworks, the fireworks law provides:

> "Safe and sane fireworks" shall not be sold or offered for sale at retail, ... except from 12 o'clock noon June 15 to midnight on the 5th day of July of each year.

I.C. § 39–2624.

The latter portion of this provision states, in effect, that safe and sane fireworks may be sold or offered for sale at retail only from twelve o'clock noon June 15 to midnight on the fifth day of July.

By distinction, another portion of I.C. § 39–2624 authorizes the sale of dangerous fireworks to a person to whom a village, city, or county has issued a permit for public display, or agricultural and wildlife use. This portion of the statute indicates that with regard to the retail sale of dangerous fireworks, the legislature intended to give local units of government some authority by way of issuing permits. Because the legislature did not state any role for local governmental units in regulating the retail sale of safe and sane fireworks, we conclude that the legislature intended to preempt the regulation of retail sales of safe and sane fireworks.

Our conclusion that the legislature intended to preempt the regulation of the retail sale of safe and sane fireworks by I.C. § 39–2624 is buttressed by our reading of I.C. § 39–2629A, which states that the fireworks law

> shall not be construed to prohibit the imposition by municipal ordinance of further regulations, upon the sale, use and possession of fireworks within the corporate limits of a city, but no city shall permit or authorize the sale, use, or pos-

session of any fireworks in violation of this act.

We must read this statute in a way that does not make it superfluous. *Eby v. Newcombe,* 116 Idaho 838, 841, 780 P.2d 589, 592 (1989). Both counties and cities are authorized by art. 12, § 2 of our constitution to make and enforce police regulations not in conflict with the general laws. This Court has validated the authority of cities to exercise their police powers granted by this constitutional provision in a wide variety of circumstances. Michael C. Moore, *Powers and Authorities of Idaho Cities: Home Rule or Legislative Control?,* 14 Idaho L.Rev. 143, 155–158 (1977).

If the legislature had this authority in mind in 1970 when it enacted I.C. § 39–2629A, why was it necessary for the legislature to recognize specifically the authority of cities to enact restrictions beyond those contained in the fireworks law? The only reasonable answer is that the legislature intended the fireworks law to preempt the authority of both cities and counties to regulate the sale, use, and possession of fireworks and wanted to grant cities, but not counties, the authority to enact restrictions beyond those contained in the fireworks law.

The commissioners ask us to read into I.C. § 39–2629A a grant to counties to enact restrictions beyond those contained in the fireworks law. The statute grants authority to cities only. The reading the commissioners suggest is not reasonable.

## III.

**THE HECKS PRESENTED TO THE TRIAL COURT THE ISSUE OF WHETHER THE COMMISSIONERS VIOLATED THE HECKS' RIGHT TO DUE PROCESS OF LAW; THERE IS A GENUINE ISSUE OF MATERIAL FACT PRECLUDING SUMMARY JUDGMENT ON THIS ISSUE.**

■ The Hecks assert that the trial court incorrectly dismissed their claim that the portion of the ordinance regarding the building requirements was unconstitutional because it was applied retroactively in vio-

lation of their right to due process of law. We agree.

We first address the trial court's ruling that the Hecks did not present this issue. The trial court premised its ruling on the grounds the Hecks did not adequately plead this issue and did not apply cited authority to support their claim. We conclude that neither of these grounds supports the trial court's declining to address the issue.

In their complaint, the Hecks alleged that the commissioners exceeded their legal authority in attempting to prohibit the Hecks from retailing and wholesaling safe and sane fireworks at the location where they had retailed and wholesaled safe and sane fireworks for twenty years. The Hecks sought declaratory judgment declaring the fireworks ordinance invalid and contrary to law as regards the condition of the structure in which they conduct their business. This pleading was adequate to raise the due process issue for resolution by the trial court. *See* I.R.C.P. 8(a)(1).

In their brief in opposition to the commissioners' motion for summary judgment, the Hecks stated two legal points directed to the due process issue and cited two decisions of this Court: *O'Connor v. City of Moscow*, 69 Idaho 37, 202 P.2d 401 (1949), and *Cole–Collister Fire Protection Dist. v. City of Boise*, 93 Idaho 558, 468 P.2d 290 (1970). In the argument portion of their brief in opposition to the commissioners' motion for summary judgment, the Hecks argued that to deny them the right to continue their business in the building predicated on the retroactive effect of the 1988 building code violated due process. Even though the trial court chose not to address the issue, these points, authorities, and argument were sufficient to preserve the issue for appeal.

Although the two cases cited to the trial court by the Hecks dealt with zoning ordinances, the principles employed by the Court to resolve those cases apply to the Hecks's claim that the commissioners violated their right to due process. In *O'Connor*, the Court stated:

> The right to use one's property in a lawful manner is within the protection of subdivision (1) of the 14th Amendment of the Constitution of the United States and Article I, Sec. 13 of the Idaho Constitution providing that no person shall be deprived of life, liberty, or property without due process of law.

69 Idaho at 42–43, 202 P.2d at 404 (citation omitted).

The Court reiterated this principle when it said, "lawful existing uses, although nonconforming, cannot be constitutionally eradicated because by so doing, the due process clauses are violated." *Id.* at 43, 202 P.2d at 404; *Cf. Cole–Collister*, 93 Idaho at 561 n. 3, 468 P.2d at 293 n. 3 ("The continuation of non-conforming uses is permitted because not to allow them to continue would be a violation of the due process clauses.").

In their motion for summary judgment, the commissioners stated as a basis for granting summary judgment on the Hecks' due process issue that the doctrine of nonconforming use is subservient to the exercise of the county's police power through the ordinance.

There is abundant authority to support the commissioners' position that due process does not absolutely prevent the county from exercising its police power, even though the exercise may affect the preexisting use of property. In *Queenside Hills Realty Co. v. Saxl*, 328 U.S. 80, 66 S.Ct. 850, 90 L.Ed. 1096 (1946), the Supreme Court considered legislation requiring a building constructed so as to comply with all the laws applicable to it and in force at the time it was constructed to comply with new fireproofing requirements, including the installation of an automatic wet pipe sprinkler system. In rejecting the owner's due process challenge to this provision, Justice Douglas writing for the Court said:

> Little need be said on the due process question. We are not concerned with the wisdom of this legislation or the need for it. Protection of the safety of persons is one of the traditional uses of the police power of the States. Experts may differ as to the most appropriate way of deal-

ing with fire hazards in lodging houses. Appellant, indeed, says that its building, far from being a fire-trap, is largely fire-proof; and to the extent that any fire hazards exist, they are adequately safe-guarded by a fire alarm system, constant watchman service, and other safety arrangements. But the legislature may choose not to take the chance that human life will be lost in lodging house fires and adopt the most conservative course which science and engineering offer. It is for the legislature to decide what regulations are needed to reduce fire hazards to the minimum. Many types of social legislation diminish the value of the property which is regulated. The extreme cases are those where in the interest of the public safety or welfare the owner is prohibited from using [the owner's] property. We are dealing here with a less drastic measure. But in no case does the owner of property acquire immunity against exercise of the police power because [the owner] constructed it in full compliance with the existing laws. The police power is one of the least limitable of governmental powers, and in its operation often cuts down property rights.

*Id.* 328 U.S. at 82–83, 66 S.Ct. at 851–52, 90 L.Ed. at 1098 (citations omitted); *see also Comtronics, Inc. v. Puerto Rico Tel. Co.,* 409 F.Supp. 800, 810 (D.Puerto Rico 1975, *aff'd,* 553 F.2d 701 (1st Cir.1977)) ("Thus it is that a vested interest in existing conditions, be it a license to operate a business, existing building codes or zoning regulations, present rates of interests, health regulations, or whatever, cannot be asserted against the proper exercise of the police power."); *Morrelli v. Fire Code Bd. of Appeals,* 126 Pa.Cmwlth. 202, 559 A.2d 90, 92 (1989) (Shopping center owner appealed decision of fire code board of appeals requiring the owner to install sprinkler system. "While the appellant may differ with the Board as to the best safeguard to be used, it is the Board which has the expertise, and we will not interfere with the Board's determination unless found to be arbitrary and capricious, or insupportable on any rational basis, because there is no evidence upon which the action may be

logically based."); *C.D.S., Inc. v. Village of Gates Mills,* 26 Ohio St.3d 166, 497 N.E.2d 295, 298 (1986) ("Both conforming and non-conforming uses are subject to ordinances and regulations of a police nature predicated upon protection of the public health, safety, welfare, and general good.").

Here, we are dealing with the exercise of the county's police power. In *Rowe v. City of Pocatello,* 70 Idaho 343, 350, 218 P.2d 695, 699 (1950), speaking of a city ordinance, the Court said:

The subject matter of the ordinance, being within the police power, and properly belonging to the legislative department of government, the courts will not interfere with the discretion, nor inquire into the motives or wisdom, of the legislators. However, it is incumbent upon the judicial department to examine the ordinance and to determine whether or not the legislators have overreached their prerogative and impinged the fundamental law. If the act is found to be unreasonable, capricious, arbitrary, or discriminatory, it will be held void, as an attempt to deny rights guaranteed by the constitutions, both state and national. But if the act is not clearly unreasonable, capricious, arbitrary or discriminatory, it will be upheld, as a proper exercise of the police power.

Therefore, the only question remaining is the reasonableness of the requirements of the fireworks ordinance for issuing a permit to the Hecks to store and wholesale fireworks. This is a question of fact that we cannot resolve on the record before us. There is a genuine issue of material fact presented whether the requirements are reasonable, or whether they are arbitrary and capricious.

## IV.

### CONCLUSION.

We reverse the trial court's summary judgment upholding the commissioners' authority to prohibit the sale of safe and sane fireworks. We vacate the trial court's summary judgment so far as it relates to the violation of the Hecks' right to due

process of law. We remand the case to the trial court for further proceedings.

We award costs, but not attorney fees on appeal, to the Hecks.

McDEVITT, C.J., BISTLINE and TROUT, JJ., and REINHARDT, J. Pro Tem., concur.