PALAZZOLA v. CITY OF GULFPORT.

Division A. May 21, 1951.

No. 37984 (52 So. (2d) 611)

Reece O. Bickerstaff and Bidwell Adam, for appellant.

740

Robt. R. Buntin and Ernest G. Martin, Jr., for appellee.

**McGehee, C. J.**

On August 15, 1940, the mayor and commissioners of the City of Gulfport adopted a comprehensive zoning ordinance, Number 611, classifying the territory in the municipality into residential, commercial and other districts. Several months prior to the adoption of this ordinance the appellant, Ben Palazzola, had erected a two story frame building on his lot fronting on Highway 90 running along the beach of the Gulf coast. This building was used for operating a restaurant downstairs and for living quarters upstairs. He continued to so operate the building as a place of business and residence until the 19th day of September, 1947, when the same was almost completely destroyed by the devastating hurricane along the Gulf coast. In fact all of the building was blown away or destroyed except a part of the kitchen.

Section 26 of the said zoning ordinance 611 deals with the continuation of businesses which were at the time of the adoption of the ordinance, in existence in residential areas, such as where this building was located, and which did not conform to the provision of the ordinance.

Section 27 of the ordinance limits the use and restoration of nonconforming buildings after they have been destroyed or partially destroyed by fire or other casualties, and reads as follows: "A nonconforming building or structure damaged by fire, explosion, riot or act of God may be reconstructed and used as such before any such calamity, provided the building or structure has not been destroyed to an extent of more that 50 percent of its fair value, and provided such reconstruction takes place within 12 months after the calamity."

It was stipulated in the record that the building of the appellant was destroyed to an extent of more than fifty percent of its fair value, and that it was not reconstructed within twelve months after the calamity. Moreover, no application was made by the appellant to the mayor and board of commissioners for a permit to reconstruct the building until one day after the one year period had expired. He had experienced difficulty in securing the services of a contractor to reconstruct the building according to plans and specifications which he had caused to be drawn within the twelve-month period. His inability to employ a contractor was due to the vast amount of construction necessary in that area in rebuilding or repairing homes to afford the residents of that area places in which to live.

But, be that as it may, it is to be observed that if the building or structure has been destroyed to an extent of more than fifty percent of its fair value the ordinance prohibits its reconstruction at any time in a residential area.

The appellant has challenged the constitutionality of the ordinance as depriving him of the use of his property without due process of law under the facts of this

particular case, and contends that in such case it amounts to an unreasonable exercise of the police powers vested in the mayor and commissioners to zone the territory of the city into restricted areas.

It appears that prior to the construction of the building in question the appellant had operated his restaurant and cold drink business at a location between the former right of way for Highway 90 and the beach, and that in 1939 the State Highway Commission obtained from the appellant a perpetual easement for constructing a four lane highway along the beach, and the right of way therefor included the then location of the appellant's place of business. Thereupon he obtained the oral permission of at least one of the city commissioners for the removal of his business and the erection of the building in question on the front of his lot facing the highway from the north and the mayor and commissioners permitted him to erect the new building on his lot without objection. However, this was prior to the adoption of the ordinance in question and he then had the right to place the building north of the highway on the front of his lot either with or without the permission of the city officials.

Therefore, the sole question presented for decision on this appeal is whether or not Section 27 of the ordinance is a reasonable exercise of the police power in zoning this particular territory into a residential area so as to preserve the right of the property owner to continue the use of a nonconforming building and at the same time prevent its restoration when destroyed to an extent of more than fifty percent of its value, or if destroyed to an extent of less than fifty percent of its value to prevent its restoration at all unless the same is done within twelve months after the casualty which caused the damage.

As stated in Thompson on Real Property, vol. 2, ch. 27, p. 972, "Since the decision of the case of Euclid, Ohio v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, ▪▪ ▪ general zoning ordi-

nances have been almost universally upheld as a proper exercise of the police power.''

In McQuillin on Municipal Corporations, (2d) Ed. Rev., vol. 3, Sec. 1048, there is cited the case of Acker v. Baldwin, Cal. App., 101 P. (2d) 505, wherein it is stated that ''zoning may take into consideration factors which bear no relation to public health, safety and morals, but which come within the meaning of the broader term, general welfare.''

In that text, vol. 3, ch. 25, p. 419, it is said: ''The general rule also that where a given situation presents a proper field for the exercise of the police power, the extent of its use and application is largely within municipal legislative discretion if it is applied to zoning regulations.'' Citing, City of Jackson v. McPherson, 162 Miss. 164, 138 So. 604, 605, wherein the Court speaking through Judge Griffith, stated, ''The opinion of the Supreme Court of the United States in Euclid [Ohio] v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016, upholding the constitutionality of the recently enacted zoning laws has, in fact, been generally accepted as having closed the debate on the general subject, and all or practically all the states which had not formerly taken that position are now reversing their decisions so as to conform to the weight of judicial opinion.''

The opinion in the McPherson case further states: ''Moreover, the determination of this question was vested by law in the city commissioners, and, unless the court can say that their action was unreasonable and arbitrary, there is no proper power in the court to interfere.''

In the case of Bargier v. Connolly, 113 U. S. 27, 5 S. Ct. 357, 28 L. Ed. 923, it was held that the Fourteenth Amendment of the Constitution of the United States does not impair the police power of a city or a municipality. See also Hadacheck v. Sebastian, 239 U. S. 394, 36 S. Ct. 143, 60 L. Ed. 348, wherein it is stated that zoning may inflict serious pecuniary injustice upon plaintiff without being arbitrary; and Bassett's work on Zoning,

ch. 5, p. 105, et seq.; City of Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So. (2d) 364; Koeber v. Bedell, 254 App. Div. 584, 3 N. Y. S. (2d) 108; Piccola v. Town of West Haven, 120 Conn. 449, 181 A. 615; State v. Hillman, 110 Conn. 92 147 A. 294.

In the three cases last above cited there was involved the right of the property owner to rebuild a commercial structure contrary to the provision of city ordinances when the same had been for most part destroyed in a residential area, and such ordinances were upheld even though in the latter case the one involved allowed the property owner only one year to liquidate his business after the adoption of the ordinance whether his building had been partially destroyed or not. However, the reasonableness of a zoning ordinance must be determined upon the facts of each particular case, and we are unable to say in the instant case that the ordinance in prohibiting the restoration of a commercial building in a residential area after the building has been destroyed to more than fifty percent of its value is an unreasonable exercise of the police power. We have, therefore, concluded that the judgment of the circuit court in affirming the action of the mayor and commissioners in disallowing the application of the appellant to rebuild the structure in question must be affirmed.

Affirmed.