185 So.2d 675 (1966)
CITY OF JACKSON et al.
v.
SHEPPARD INVESTMENT COMPANY et al.
No. 43930.
Supreme Court of Mississippi.
April 25, 1966.
Val Surgis, E.W. Stennett, W.T. Neely, Jackson, for appellant.
Robert G. Nichols, Jr., Jackson, for appellee.
ROBERTSON, Justice:
This is an appeal by the City of Jackson, Mississippi from the judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, which judgment rezoned lands from A-1 residential to A-3 residential after the City Council refused to do so.
On September 21, 1964, Sheppard Investment Company, et al, appellees, filed their petition to rezone an 8-acre tract of land from A-1 residential to A-3 residential. An A-1 residential district is restricted to single and two-family residences, while an A-3 residential district is an unlimited apartment district. The land attempted to be rezoned is an 8-acre tract located on the north side of Raymond Road within the corporate limits of Jackson, Mississippi, approximately 300 feet east of Alta Woods Boulevard and approximately one block east of Ellis Avenue. The property fronts 244.5 feet on Raymond Road and extends northerly approximately 990.61 feet. The appellees plan to build thereon an apartment complex consisting of 163 rental units. The petition was originally heard by the Zoning Committee of the City Planning Board on October 12, 1964, and the said Committee in its report to the City Council recommended that the property be rezoned.
On February 9, 1965, after publication of due and proper notice, the City Council *676 had a hearing on the petition and heard from the petitioners and protestants. Thereafter the City Council rendered its decision in an order, in part reading:
"* * * finding from all of the evidence presented that the rezoning was for the purpose of constructing a multiple apartment complex, consisting of 163 family units; that there is no immediate necessity for such development in said highly developed residential area; that the said development would depreciate the value of property for residential uses within the area; that a difficult traffic problem would be created; that the neighborhood would be needlessly disturbed by such an unlimited apartment development; and that the health and general welfare of the City would not be served by the granting of the said petition, but on the contrary the Council finds that it will be to the best interest for the said petition to be denied; * * *"
The petitioners appealed from the order of the City Council to the circuit court, and the circuit court on August 4, 1965, reversed the order of the City Council and ordered and adjudged that the subject lands be rezoned from A-1 residential to A-3 residential. The judgment of the circuit court, in part, is as follows:
"And it further appearing unto the Court that the Planning Board of the City of Jackson, after an exhaustive study, recommended that the subject property be rezoned as not being hazardous to the health, safety and general welfare of the area; that, there was no evidence presented to the City Council contrawise to the finding of fact made by the Planning Board; that, the action of the City Council in refusing to change the zoning was arbitrary and discriminatory; * * *"
In cases of this kind, the cause is not tried de novo in the circuit court. It was heard in the circuit court on bill of exceptions and exhibits thereto. It was not the trier of facts and, in accordance with the statute, acted as an appellate court only.
The Zoning Committee of the City Planning Board is an advisory body only. It can recommend to the City Council what it thinks should be done, but it cannot pass finally on a petition to rezone. Zoning is an exercise of the police power by the governing authority, in this case, the City Council of the City of Jackson. Palazzola v. City of Gulfport, 211 Miss. 737, 52 So.2d 611 (1951).
In Ballard v. Smith, 234 Miss. 531, 107 So.2d 580, 75 A.L.R.2d 152, (1958), this Court said, "[t]he courts should not constitute themselves as a zoning board for municipalities."
The only ground for setting aside the order of the municipal governing authority is that it is unreasonable, arbitrary, discriminatory or confiscatory. The burden of proof is upon those who are attempting to change a comprehensive zoning ordinance. There is substantial evidence in the record supporting the decision of the City Council in refusing to rezone this property.
We do not feel that the action of the City Council in refusing to change the zoning was arbitrary and discriminatory and, inasmuch as there was substantial evidence supporting its order, the judgment of the circuit court is reversed, and the order of the City Council, refusing to change the zoning and dismissing the petition to rezone, is reinstated.
Reversed and order of the City Council reinstated.
ETHRIDGE, C.J., and BRADY, PATTERSON and SMITH, JJ., concur.