209 So.2d 904 (1968)
Homer Lee HOWIE
v.
Thomas W. AUTREY, Mary G. Harrison, and the Board of Supervisors of Hinds County, Mississippi.
No. 44900.
Supreme Court of Mississippi.
May 6, 1968.
Julian P. Alexander, Jr., Earl Keyes, Jackson, for appellant.
John M. Luckett, Jackson, for appellees.
GILLESPIE, Presiding Justice:
This is an appeal from a judgment of the Circuit Court of Hinds County which affirmed an order of the Board of Supervisors of Hinds County re-zoning the property of Thomas W. Autrey and Mary G. Harrison from residential to commercial.
The subject property is located in southwest Jackson and consists of approximately five acres. It is bounded on the north by Cooper Road, on the east by Candlestick Park Shopping Center, on the west by Rainey Road and on the south by the residential property of appellant, Cecil B. Rainey. A commercial tract bounded on the north by Cooper Road and on the east by Rainey Road (located on the corner across Rainey Road from the subject property) is used for a service station. The Candlestick Park Shopping Center, owned by the appellant Homer Lee Howie, consists of about sixteen acres of land, about one-third of which is presently developed. Some commercial property lies east of Candlestick Park Shopping Center. Most of the property lying south of the subject property and Candlestick Park Shopping Center is undeveloped, open land. All of the property on the north side of Cooper Road across from Candlestick Park Shopping Center and the subject property is *905 residential. There are only two tracts of commercial property north of Cooper Road, and they are located about three blocks east of the subject property.
In 1961 the property now known as Candlestick Park Shopping Center was re-zoned commercial, and thereafter the shopping center was built. At that time, there were no shopping facilities in the area. In March, 1966, a tornado struck the Candlestick Park area and destroyed all of the buildings in the shopping center and also the residence of Thomas W. Autrey, which was located on the subject property. The shopping center has been rebuilt. Mr. Autrey did not rebuild his home but purchased a home elsewhere. Thereafter he filed a petition for a re-zoning of his property which resulted in the order of the Board of Supervisors re-zoning it so as to permit commercial uses. In general, the proof on behalf of the owners of the subject property was to the effect that the highest and best use of the subject property would be for commercial purposes, and it was unsuitable for use as residential property. The appellants offered considerable proof to show that Candlestick Park Shopping Center was only partially developed and that there was no need for any more commercial property in the area. The property now zoned commercial would provide all the commercial needs for a long time to come.
Appellants rely heavily on the recent case of Lewis v. City of Jackson, 184 So.2d 384 (Miss. 1966). In the Lewis case, the property sought to be zoned commercial would have encroached into a residential area. All of the property lying west of the Old Canton Road in that case was residential. In the Lewis case the court based its decision on several factors, including (1) absence of any proof of changed conditions that would justify re-zoning the property, (2) the undeveloped area zoned commercial immediately across Old Canton Road and the failure of petitioners to prove a need for another shopping center in the area, and (3) the adverse effect on property values because of the encroachment of a shopping center in a residential neighborhood. Under the circumstances shown in that case the court found the re-zoning from A-1 residential to commercial was unreasonable, arbitrary and capricious. If the subject property in the instant case was on the north side of Cooper Road instead of the south, the Lewis case would be closer in point. This case is distinguished from Lewis in that (1) the re-zoning of subject property will not be an encroachment into a residential neighborhood, (2) there has been a change in the uses of property south of Cooper Road, not only by the recent re-zoning of Candlestick Park property in 1961, but by the recent re-zoning of the service station lot at the southwest corner of the intersection of Cooper Road and Rainey Road, (3) the fact that the subject property has commercial property on the east and west sides, and (4) the destruction of the Autrey home and Candlestick Park Shopping Center in 1966.
Appellants' proof showed there is no need for a new shopping area or other commercial enterprises at this time or in the near future. This is not the only factor the zoning authorities consider in determining whether property should be re-zoned. Every zoning case must be decided on the basis of all the circumstances of the particular case. Palazzola v. City of Gulfport, 211 Miss. 737, 52 So.2d 611 (1951). If the question is fairly debatable, this Court will not disturb a zoning ordinance, which is presumed to be valid. Ballard v. Smith, 234 Miss. 531, 107 So.2d 580, 75 A.L.R.2d 152 (1958)
The Board of Supervisors evidently decided that the subject property is essentially commercial because of its relation to the other commercial property and that it should be re-zoned at this time rather than waiting until development of the area to the south creates a demand for more commercial property in the area. We are unable to say that the re-zoning of this property is not consistent with sound, long-range *906 planning for the area. In our opinion, the ordinance is not unreasonable, arbitrary or capricious.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.