529 P.2d 1268

COUNTY OF ADA, Plaintiff-Respondent,

v.

Herman J. SCHEMM, Defendant-Appellant,

and

Hooper Investment Company, Inc., Defendant.

Herman J. SCHEMM, Third-Party Plaintiff-Appellant,

v.

COUNTY OF ADA et al., Third-Party Defendants-Respondents.

Walter and Mary BURAK, husband and wife, et al., Plaintiffs-Respondents,

v.

Herman SCHEMM and Edna Schemm, husband and wife, Defendants-Appellants.

Nos. 10931, 11230.

Supreme Court of Idaho.

July 24, 1974.

Charles D. Coulter, Boise, for appellants.

Derr, Derr, Walters & Cantrill, for respondents Burak.

James E. Risch, Pros. Atty., Ada County, David H. Leroy, Deputy Pros. Atty., Boise, for respondent Ada County.

SHEPARD, Chief Justice.

These two cases were consolidated upon appeal since both involve the same real property and present essentially the same question, i. e., whether the maintenance of a building on appellants' property is a violation of a county zoning ordinance.

Appellants Schemm are the owners of property located in Ada County, Idaho. Prior to May 1968, the Schemms located two mobile homes on the property. One of the mobile homes is utilized by the Schemms as their residence and the second is utilized as a rental residence. In May 1968, Ada County enacted a zoning ordinance which classified the land within which the Schemm property is located as R–2 (Urban residential) zone.

The R–2 zone generally provides for single family and duplex dwellings. It is agreed by all parties hereto that the location of the mobile home structures upon the Schemms' property constituted a nonconforming use which nevertheless was permitted under the ordinance because it had been established prior to the enactment of the ordinance.

In April of 1970 the Schemms moved a wooden structure onto their property. That structure measured approximately 20 x 60 ft. and was covered with black tar paper. Apparently some improvements have been subsequently made to the building, including the placing of siding thereon, but the building remains without permanent foundation. The testimony reveals that Schemm uses or intends to use the building as a workshop, garage and storage facility. Schemm applied for a zoning certificate . permitting the use of the new structure on the property but that certificate was refused.

The county brought suit seeking to enjoin and abate the maintenance of that wooden structure as a violation of the zoning ordinance and as a public nuisance. Schemm filed an answer and a third party complaint against the county commissioners and the director of the county planning and zoning commission seeking that the third party defendants be enjoined from interfering with Schemm's use of the building. Schemm also sought a writ of mandate to require the third party defendants to grant Schemm's request for a zoning certificate. The district court granted judgment for the county enjoining Schemm from maintaining the building on his property and denied the relief sought by Schemm in his third party complaint. From that judgment Schemm has appealed. (Case No. 10931).

In a separate action several persons owning property in the vicinity of Schemm's property sought to abate the alleged nuisance resulting from the continued maintenance of the wooden structure. The district court, relying on its decision in Case No. 10931, found that the maintenance of the structure constituted a nuisance and ordered the Schemms to conform to the zoning ordinance. The Schemms have also appealed from that decision. (Case No. 11230)

The substance of appellants' contention on appeal, and the only portion necessitating extended discussion, is appellants' assertion that the lower court erred in concluding that the ordinance prohibited accessory uses incident to nonconforming uses. Put another way, appellants argue that the ordinance permits accessory uses which are incident to nonconforming uses.

Section 2.086 of the zoning ordinance defines a nonconforming use as:

> "A building, structure or premises legally existing and/or used at the time of adoption of this Ordinance, or any amendment thereto, and which does not conform with the use regulations of the district in which located. Any such building, structure or premises conforming in respect to use but not in respect to height, area, yards, or courts, or distance requirement from more restricted districts or uses shall not be considered a nonconforming use."

In Cole-Collister Fire Protection Dist. v. City of Boise, 93 Idaho 558, 468 P.2d 290 (1970) this court approved the following definition of nonconforming uses:

> "Uses permitted by zoning statute or ordinances to continue notwithstanding the fact that similar uses are not permitted in the area in which they are located."

Appellants argue that the wooden structure is or would be an accessory use. Sec. 2–002 of the zoning ordinance defines accessory use as:

> "Accessory Use or Structure: A use or structure subordinate to the principal use on the same lot and serving a purpose customarily incidental to the use or the principal building. Said use or structure being such nature as does not alter the essential characteristics of the use considered as a whole and as related to other uses permitted in the same district, and not including any building containing a dwelling unit as herein defined."

The district court held that the building was not accessory to a *principal permitted use* and it was not therefore permitted under the ordinance. Appellants dispute this holding of the trial court and argue that accessory uses incident to *nonconforming uses* are not prohibited by the ordinance.

Chapter 1.7 of the zoning ordinance provides:

"Conformance Required. Except as herein specified, no land, building, structure or premises shall hereafter be used, and no building or part thereof, or other structure, shall be located, erected, moved, reconstructed, extended, enlarged, or altered except in conformity with the requirements herein specified for the district in which it is located."

In the chapter of the ordinance particularly pertaining to the R–2 zone is it provided:

"7.3  Accessory Uses.

"7.31  Additional buildings, structures, fences or uses shall be permitted when it can be shown that such buildings, structures, fences or uses are customarily accessory to, and incidental to the conduct of a *principal permitted use*, and that such buildings or structures or fences will be built upon, and the uses conducted upon the same premises as the *principal permitted use*.

"7.32  The following uses, while not inclusive, refer to certain specific use which shall be permitted when located on the same premises as a *principal permitted use*." (Emphasis supplied)

It is clear that the ordinance prohibits all uses not in conformity with the requirements of the ordinance. It permits structures accessory to a *principal permitted use* but does not authorize or even mention uses accessory to *nonconforming uses*.

We hold therefore that even if appellants' argument that the structure is an accessory use be accepted (respondent—County argues vehemently to the contrary) nevertheless such accessory use to a nonconforming use is not authorized and is prohibited by the zoning ordinance. Such interpretation comports with the general concept of zoning policy that nonconforming uses should not be allowed to expand and eventually should be eliminated. O'Connor v. City of Moscow, 69 Idaho 37, 202 P.2d 401 (1949); *See* Cole-Collister Fire Protection Dist. v. City of Boise, 93

Idaho 558, 561, 468 P.2d 290 (1970); 1 R. M. Anderson, American Law of Zoning, § 6.07.

We have considered appellants other assertions of error regarding the unconstitutionality of the zoning ordinance and find them to be without merit.

The district court in Case No. 11230 based its decision on its previous decision in Case No. 10931. Although appellants raise other arguments relating to Case No. 11230 our disposition of Case No. 10931 renders those questions essentially moot and they will not be considered herein. The judgments of the lower court are affirmed. Costs to respondents.

DONALDSON, McQUADE and Mc-FADDEN, JJ., and WARD, District Judge, concur.