587 P.2d 821

**LEWIS–CLARK MEMORIAL GARDENS, INC., an Idaho Corporation, Plaintiff-Respondent,**

v.

**The CITY OF LEWISTON, Idaho, a municipal corporation, Defendant-Appellant.**

No. 12580.

Supreme Court of Idaho.

Dec. 11, 1978.

Michael C. Moore, Lewiston, for defendant-appellant.

John H. Bengtson of Randall, Bengtson & Cox, Lewiston, for plaintiff-respondent.

DONALDSON, Justice.

The plaintiff-respondent Lewis-Clark Memorial Gardens, Inc. (hereinafter LCMG) operates a private cemetery business for the burial of human dead upon real property located in Nez Perce County, Idaho. The business has been in operation since 1955.

Prior to 1969, LCMG's cemetery property was located in an unincorporated area outside the City of Lewiston. In December, 1969, this area was annexed by the City of Lewiston and as such became subject to its zoning ordinance. In 1972 the City of Lewiston adopted its present zoning ordinance. LCMG's property was included in a low density residential zone, which prohibited cemeteries and manufacturing of any kind either outright or by conditional use permit. LCMG's use of the land as a cemetery preceded the zoning ordinance.

On January 21, 1974, Gary Collins, local manager of LCMG, and Don West, president of LCMG, applied for a conditional use permit from the Lewiston City Council to

construct on the cemetery grounds concrete crypts, which are used as containers for caskets in the underground burial of human dead. Several neighboring property owners objected to the on-site construction of concrete crypts at LCMG's property. The City Council denied LCMG's application for a conditional use permit to construct the crypts.

Prior to becoming subject to the City of Lewiston's zoning ordinance, the only concrete pouring operation that was part of LCMG's business was the occasional pouring of grave markets, a simple one man operation. Prior to 1974, it appears that LCMG purchased vaults and crypts from outside manufacturers who trucked the containers to the cemetery.

On February 11, 1974, Collins renewed his application for a permit seeking to manufacture 500 crypts or 66 four plex units on the cemetery grounds. At the Lewiston City Council meeting of February 19, 1974, the City Council granted a building permit to LCMG subject to certain conditions. The conditions on the permit were that only 35 crypts were to be stored on-site at any one time and that the permit would expire on September 15, 1974. These conditions appear to have been a compromise between LCMG and the neighboring property owners. The following day, the City of Lewiston issued a building permit to LCMG for the construction of 66 four plex crypts at their cemetery site. On September 9, 1974, LCMG sought an extension on the time limit imposed on the building permit. A six month extension was granted by the City Council. In June, 1975, LCMG requested additional time under the permit and apprised the City Council that it intended to continue constructing crypts after it completed the 66 four plex units originally permitted. The motion was denied by the City Council. Again on July 14 and July 28, 1975, LCMG sought the Council's permission in order to build additional crypts. The Council denied the permit, and ordered the construction of the crypts stopped.

Subsequently, LCMG brought this action to seek a declaratory judgment that the provisions of the City's zoning ordinance did not prohibit LCMG from constructing concrete crypts on the cemetery property. Lewiston City Code § 37–109 allows for the continuation of a lawful nonconforming use but prohibits its extension or alteration. The trial court in ruling for LCMG found no violation of the above ordinance. The City of Lewiston maintains on appeal that LCMG's on-site construction of crypts constitutes a new and additional use, extension or enlargement of the existing nonconforming use, and as such is violative of the city's zoning ordinance.

I

This Court will not disturb the findings of the trial court on appeal when those findings are supported by substantial although conflicting evidence. *Ready-to-Pour, Inc. v. McCoy*, 95 Idaho 510, 511 P.2d 792 (1973). In the instant case, the trial court found:

The pouring of crypts above ground for subsequent burial for interment of the human dead did not result in any basic change in the fundamental or primary use of the real property in question, such fundamental or primary use remaining the same, that is, the conduct of a private cemetery business for interment of the human dead, and the pouring of such crypts in the manner done by plaintiff is an ordinary adjunct of, or integral, although not absolutely necessary, part of the operation of private cemetery businesses.

After a review of the record we believe the above finding is supported by substantial evidence and therefore we affirm the trial court's conclusion that LCMG's operation was not violative of Lewiston's zoning ordinances.

II

The City of Lewiston also argues that LCMG, by applying for, accepting and utilizing a building permit from the City of Lewiston which limited the construction of crypts at the site to a certain number over a limited time period, should be estopped

from asserting it did not need a permit because its on-site construction of crypts did not constitute an enlargement of a nonconforming use.

A similar question was presented to this Court in the recent case of *Gordon Paving Co. v. Blaine County*, 98 Idaho 730, 572 P.2d 164 (1977). In *Gordon Paving* we held that the plaintiff, by applying for and receiving a conditional variance to modernize its asphalt and rock crushing plant, a nonconforming use, was not estopped from asserting that the variance was not necessary because its modernization did not constitute an enlargement or extension of the nonconforming use. Justice Bakes, concurring, emphasized constitutional grounds for finding no estoppel, stating:

> Based upon the decisions of this Court in *O'Connor* [69 Idaho 37, 202 P.2d 401] and *Cole-Collister* [93 Idaho 558, 468 P.2d 290], Gordon Paving had a right to continue the use of its property as an asphalt plant, at least during the reasonable life of the property, and any attempt in the ordinance to sooner eliminate that use would have been a violation of due process of law under Art. 1, § 13, of the Idaho Constitution, and the taking of private property for public use without just compensation in violation of Art. 1, § 14, of the Idaho Constitution. Gordon Paving needed no variance to continue its use of the property, and the fact that it mistakenly thought otherwise and made application for such a variance could in no way deprive it of the rights which inured to it as a result of ownership of the real property.

98 Idaho at 733, 572 P.2d at 167.

■ In light of our decision in *Gordon Paving*, we hold that LCMG's erroneous assumption that acceptance of a conditional building permit was necessary for construction of crypts at their site does not deprive them of the right to assert that their operation did not violate Lewiston's zoning ordinances, and that therefore no conditional permit was necessary.

Judgment affirmed.

McFADDEN, BAKES and BISTLINE, JJ., concur.

SHEPARD, Chief Justice, specially concurring.

I concur in the result. However, I continue to adhere to the theory of the dissent expressed in *Gordon Paving*, albeit such does not constitute the law in Idaho.